1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEANNE L. LEE,

11          Plaintiff,                        No. 2:10-cv-03162 KJN

12          v.

13   MICHAEL J. ASTRUE, Commissioner
     of Social Security,
14
            Defendant.                        <u>ORDER</u>
15   _____/

16          Plaintiff seeks judicial review of a final decision of the Commissioner of Social

17   Security ("Commissioner") terminating Disability Insurance Benefits that were previously

18   granted to plaintiff under Title II of the Social Security Act ("Act") on August 2, 2001.[1]  In her

19   motion for summary judgment (Dkt. No. 17), plaintiff contends that the Administrative Law

20   Judge ("ALJ"), who affirmed the decision to terminate benefits effective May 1, 2005, based on a

21   finding of medical improvement, erred in three respects.  First, plaintiff contends that the ALJ

22   failed to adequately develop the record in regards to the prior decision granting benefits such that

23   neither plaintiff nor this court can properly evaluate the ALJ's finding that plaintiff had

24   _____

25        [1] This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed before
     a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.
26   (Dkt. Nos. 8, 10.)

                                            1

experienced medical improvement since the favorable decision in 2001.  Second, and related in part to her first argument, plaintiff argues that the record lacks substantial evidence supporting the ALJ's finding that plaintiff experienced medical improvement.  Third, plaintiff argues that the ALJ erred by ignoring a portion of the medical opinion of an examining psychologist, James D. Doornink, Ph.D.  The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment (Dkt. No. 15).  For the reasons stated below, the court grants plaintiff's motion for summary judgment in part and remands this matter for further proceedings.

I.      BACKGROUND

        Plaintiff initially filed an application for Disability Insurance Benefits on October 17, 2000, alleging that she had been disabled since March 17, 1998.  (Administrative Transcript ("AT") 98-100.)  On August 2, 2001, the Commissioner determined that plaintiff was disabled beginning on March 17, 1998.  (AT 44.)  The only document in the Administrative Transcript reflecting this ultimate determination by the agency is what appears to be an internal agency form entitled "Disability Determination and Transmittal," which indicates a "Primary Diagnosis" of "Affective (Mood) Disorder" and a "Secondary Diagnosis" of "Anxiety Related Disorders."  (Id.)  This one-page form conveys that plaintiff was found to be disabled on the grounds that her mental impairments met Listing 12.06 in the applicable regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1, addressing "anxiety related disorders."  (See id.)  For the purpose of evaluating whether plaintiff experienced medical improvement, which is central to this appeal, the August 2, 2001 favorable decision serves as what is referred to as the "comparison point decision," or "CPD."  (See AT 19.)

        By way of a letter dated May 2, 2007, the Commissioner advised plaintiff that plaintiff's benefits would cease because plaintiff's health had improved since the last review of her case, i.e., the August 2, 2001 comparison point decision, such that plaintiff was now able to work.  (AT 55.)  The letter informed plaintiff that she was no longer disabled as of "May, 2005." (AT 55, 57.)  Although the "Explanation of Determination" portion of this letter strongly

suggests that the termination of benefits was premised, in substantial part, on plaintiff's failure to cooperate in the review process, the termination of plaintiff's benefits was formally premised on plaintiff's medical improvement and the resulting ability to work.[2]  (See AT 55, 57; see also AT 20-22.)

Plaintiff requested that the cessation of benefits determination be reviewed by an administrative law judge.  (AT 60.)  In February 2008, the ALJ held a hearing in regards to the cessation of plaintiff's benefits and subsequently issued a decision finding that plaintiff was no longer disabled as of May 1, 2005.  (AT 438-45, 565-619.)  Upon plaintiff's submission of additional evidence, the ALJ reopened the case and held a second hearing in November 2009.  (See AT 17, 460-63, 620-52.)  In a decision dated December 11, 2009, the ALJ again found that plaintiff ceased to be disabled as of May 1, 2005, a finding premised on plaintiff's medical improvement and ability to work.  (AT 17-25.)  The ALJ's decision became the agency's final decision on September 1, 2010, after the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (AT 9-12.)  Plaintiff subsequently filed this action.

II.    LEGAL STANDARDS

Where the issue of continued disability or medical improvement is concerned, "a presumption of continuing disability arises" in the claimant's favor once that claimant has been found to be disabled.  Bellamy v. Sec'y of Health & Human Servs., 755 F.2d 1380, 1381 (9th Cir. 1985) (citing Murray v. Heckler, 722 F.2d 499, 500 (9th Cir. 1983)); accord Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).  The Commissioner has the "burden of producing evidence sufficient to rebut [the] presumption of continuing disability."  Bellamy, 755 F.2d at 1381; see also Murray, 722 F.2d at 500 ("The Secretary . . . has the burden to come forward with evidence of improvement.").  However, a reviewing court will not set aside a decision to terminate

---

[2]  Relevant here, a claimant's failure to cooperate in the review process can result in the claimant being found not disabled "without a determination that [the claimant has] medically improved."  See 20 C.F.R. § 404.1954(e)(2).

benefits unless the determination is based on legal error or is not supported by substantial

evidence in the record as a whole.[3]  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Relevant here, a claimant's benefits may be terminated where the Commissioner

produces substantial evidence that: "(A) there has been any medical improvement in the

individual's impairment or combination of impairments (other than medical improvement which

is not related to the individual's ability to work), and (B) the individual is now able to engage in

substantial gainful activity."[4]  42 U.S.C. § 423(f)(1).  The applicable regulation defines "medical

improvement" as follows:

> Medical improvement is any decrease in the medical severity of your
> impairment(s) which was present at the time of the most recent favorable
> medical decision that you were disabled or continued to be disabled.  A
> determination that there has been a decrease in medical severity must be
> based on changes (improvement) in the symptoms, signs and/or laboratory
> findings associated with your impairment(s) (see § 404.1528).

20 C.F.R. § 404.1594(b)(1).[5]

---

[3]  "Substantial evidence means more than a mere scintilla but less than a preponderance; it
is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (citation and quotation
marks omitted); accord Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir.
2009).  "Where the evidence as a whole can support either a grant or a denial, [the court] may not
substitute [its] judgment for the ALJ's."  Bray, 554 F.3d at 1222 (citing Massachi v. Astrue, 486 F.3d
1149, 1152 (9th Cir. 2007)); see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.
2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision
should be upheld.") (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

[4]  Section 423(f) also states: "Any determination under this section shall be made on the basis
of all the evidence available in the individual's case file, including new evidence concerning the
individual's prior or current condition which is presented by the individual or secured by the
Commissioner of Social Security."  42 U.S.C. § 423(f).

[5]  In turn, 20 C.F.R. § 404.1528 provides the following definitions for the terms "symptoms,"
"signs," and "laboratory findings":

> (a) Symptoms are your own description of your physical or mental
> impairment.  Your statements alone are not enough to establish that there is
> a physical or mental impairment.

> (b) Signs are anatomical, physiological, or psychological abnormalities which

The Commissioner evaluates whether a claimant continues to be entitled to Disability Insurance Benefits under an eight-part analytical framework, which the applicable regulation describes as follows:

(1) Are you engaging in substantial gainful activity?  If you are (and any applicable trial work period has been completed), we will find disability to have ended (see paragraph (d)(5) of this section).

(2) If you are not, do you have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of this subpart?  If you do, your disability will be found to continue.

(3) If you do not, has there been medical improvement as defined in paragraph (b)(1) of this section?  If there has been medical improvement as shown by a decrease in medical severity, see step (4).  If there has been no decrease in medical severity, there has been no medical improvement. (See step (5).)

(4) If there has been medical improvement, we must determine whether it is related to your ability to do work in accordance with paragraphs (b)(1) through (4) of this section; i.e., whether or not there has been an increase in the residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination.  If medical improvement is not related to your ability to do work, see step (5). If medical improvement is related to your ability to do work, see step (6).

(5) If we found at step (3) that there has been no medical improvement or if we found at step (4) that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (d) and (e) of this section apply. If none of them apply, your disability will be found to continue.  If one of the first group of exceptions to medical improvement applies, see step (6).  If an exception from the second group of exceptions to medical improvement applies, your disability will be

---

can be observed, apart from your statements (symptoms).  Signs must be shown by medically acceptable clinical diagnostic techniques.  Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception.  They must also be shown by observable facts that can be medically described and evaluated.

(c) Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques.  Some of these diagnostic techniques include chemical tests, electrophysiological studies (electrocardiogram, electroencephalogram, etc.), roentgenological studies (X-rays), and psychological tests.

found to have ended.  The second group of exceptions to medical
improvement may be considered at any point in this process.

(6) If medical improvement is shown to be related to your ability to do
work or if one of the first group of exceptions to medical improvement
applies, we will determine whether all your current impairments in
combination are severe (see § 404.1521).  This determination will consider
all your current impairments and the impact of the combination of those
impairments on your ability to function.  If the residual functional capacity
assessment in step (4) above shows significant limitation of your ability to
do basic work activities, see step (7).  When the evidence shows that all
your current impairments in combination do not significantly limit your
physical or mental abilities to do basic work activities, these impairments
will not be considered severe in nature.  If so, you will no longer be
considered to be disabled.

(7) If your impairment(s) is severe, we will assess your current ability to
do substantial gainful activity in accordance with § 404.1560.  That is, we
will assess your residual functional capacity based on all your current
impairments and consider whether you can still do work you have done in
the past.  If you can do such work, disability will be found to have ended.

(8) If you are not able to do work you have done in the past, we will
consider one final step.  Given the residual functional capacity assessment
and considering your age, education and past work experience, can you do
other work?  If you can, disability will be found to have ended.  If you
cannot, disability will be found to continue.

20 C.F.R. § 404.1594(f)(1)-(8).

Central here is step three of the evaluative framework, wherein the Commissioner

inquires whether there has been "medical improvement" as defined in the regulations.  See 20

C.F.R. § 404.1594(f)(3); see also id. § 404.1594(b)(1).  The Commissioner's regulations provide

that for the purposes of determining whether medical improvement has occurred, the

Commissioner "will compare the current medical severity of that impairment(s) which was

present at the time of the most recent favorable medical decision that you were disabled . . . to

the medical severity of that impairment(s) at that time."  20 C.F.R. § 404.1594(b)(7).

III.     DISCUSSION

Plaintiff's principal claim of error is that the ALJ failed to adequately develop the

record with respect to the favorable comparison point decision such that neither plaintiff nor this

court can properly evaluate the ALJ's finding, at step three of the eight-step analysis, that

1   plaintiff experienced "medical improvement" subsequent to the favorable decision in 2001.  She

2   contends that the one-page Disability Determination and Transmittal form lacks findings and

3   conclusions sufficient to permit plaintiff or the court to assess whether the ALJ adequately

4   compared, consistent with the applicable regulations, the severity of plaintiff's impairments in

5   arriving at a finding of medical improvement.  (See Pl.'s Memo. of P. & A. In Supp. of Mot. For

6   Summ. J. at 7-8.)  In regards to such comparison, plaintiff contends:

7           The comparison is made impossible by the fact that the Commissioner has
            failed to include what the findings of fact and conclusions of law were in
8           August 2001 that established disability in the first place.  There is no
            indication as to the medical findings or the severity of those medical
9           findings.  There is no reference point. . . .  The lack of a reference point is
            precisely the problem.  The regulations compel the Commissioner to
10          compare and contrast the severity between the two periods of time.
            However, if the Commissioner cannot explain how severe Deanne Lee's
11          condition was in 2001 the Commissioner cannot now set forth the
            conclusion that Ms. Lee's condition improved.

12

13  (Id. at 8-9.)  The undersigned construes plaintiff's argument as challenging the process by which

14  the ALJ found medical improvement as much as the sufficiency of the record.

15          As noted above, 20 C.F.R. § 404.1594(b)(1) provides, in part, that "[a]

16  determination that there has been a decrease in medical severity must be based on changes

17  (improvement) in the symptoms, signs and/or laboratory findings associated with your

18  impairment(s)."  Additionally, 20 C.F.R. § 404.1594(b)(7) provides that "[f]or purposes of

19  determining whether medical improvement has occurred, we will compare the current medical

20  severity of that impairment(s) which was present at the time of the most recent favorable medical

21  decision that you were disabled or continued to be disabled to the medical severity of that

22  impairment(s) at that time."  Moreover, 20 C.F.R. § 404.1594(c)(1) provides: "Medical

23  improvement is any decrease in the medical severity of impairment(s) present at the time of the

24  most recent favorable medical decision that you were disabled or continued to be disabled and is

25  determined by a comparison of prior and current medical evidence which must show that there

26  have been changes (improvement) in the symptoms, signs or laboratory findings associated with

7

1    that impairment(s)" (emphasis added).

2              The Ninth Circuit Court of Appeals appears not to have addressed the precise

3    manner of the comparison an administrative law judge must perform in evaluating whether a

4    claimant has experienced a medical improvement.  However, appellate decisions of other Circuit

5    Courts support the conclusion that in assessing medical improvement the administrative law

6    judge must evaluate not only the current medical evidence, but also the medical evidence upon

7    which the claimant's original disabled status was premised.  See Byron v. Heckler, 742 F.2d

8    1232, 1236 (10th Cir. 1984) (per curiam) ("In order for evidence of improvement to be present,

9    there must also be an evaluation of the medical evidence for the original finding of disability. . . .

10   This failure to apply the correct legal standard is, by itself, sufficient to command reversal in the

11   case.") (citation omitted); Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984) (per curiam)

12   (holding that the administrative law judge erred by focusing only on the current evidence of the

13   claimant's impairments and that without an evaluation of the medical evidence upon which the

14   claimant was originally found disabled, "no adequate finding of *improvement* could be rendered"

15   (emphasis in original)).  This manner of comparison is consistent with the requirements and

16   concepts stated in 20 C.F.R. §§ 404.1594(b)(1), (b)(7), and (c)(1).

17             Here, the ALJ concluded that the "medical evidence supports a finding that, as of

18   May 1, 2005, there has been a decrease in medical severity of the impairments."  (AT 21.)

19   However, the ALJ's discussion of medical improvement focuses almost exclusively on medical

20   records and evidence reflecting plaintiff's condition between 2004 and 2007.  (See AT 21-22.)

21   The only reference in the ALJ's decision to medical records or evidence that possibly support a

22   finding of medical improvement since the August 2, 2001 comparison point decision is a brief

23   comparison of plaintiff's Global Assessment of Functioning ("GAF")[6] scores between 2000 and

24   _____

25        [6]  A GAF score represents a present rating of overall psychological functioning on a scale of
     0 to 100.  See Diagnostic and Statistical Manual of Disorders, at 34 (Am. Psychiatric Ass'n, 4th Ed.
26   2000) ("DSM-IV-TR").

2004.  (AT 21.)  But nothing in the record suggests that plaintiff's GAF scores actually served as the basis for the disability determination in the comparison point decision.  In short, it is unclear whether the ALJ reviewed or considered the medical evidence underlying the comparison point decision in assessing whether plaintiff experienced medical improvement.  Moreover, as plaintiff argues, the Disability Determination and Transmittal form, which consists of "check boxes" and rather cryptic agency notations, lacks any meaningful information by which this court could infer the factual basis for the comparison point decision.  Accordingly, the undersigned remands this matter for further development or review by the ALJ or the Commissioner consistent with the regulations and case law governing findings of medical improvement.

The undersigned briefly addresses several of the Commissioner's counterarguments.  First, the Commissioner rather sarcastically frames plaintiff's argument as suggesting that substantial evidence did not support the initial finding of disability in 2001.  (See Def.'s Memo. of P. & A. at 4-5 ("Plaintiff argues that the ALJ violated his duty to develop the record because there is little evidence supporting the Commissioner's 2001 finding of disability.  Accordingly, Plaintiff appears to argue that substantial evidence does not support the initial finding of disability, an argument rarely advanced by a claimant's attorney.").)  The Commissioner's argument misses the point of plaintiff's argument.  Plaintiff is not arguing that the comparison point decision is not supported by substantial evidence.  She is arguing that the findings and conclusions underlying the comparison point decision are not clear from the one-page form included in the record (AT 44), and that, as a result, it is not possible to evaluate the ALJ's finding of medical improvement.  The Commissioner's argument is neither persuasive nor helpful.

Second, the Commissioner argues that regardless of the paucity of information in the Disability Determination and Transmittal form, the ALJ could permissibly find medical improvement on the basis of the Commissioner's regulations.  He argues that in a case like this one, "[i]f the comparison point decision was based on a finding that claimant's impairment met

or equaled a Listed Impairment, medical improvement will be found if the requirement of the pertinent Listing is no longer met." (Def.'s Memo. of P. & A. at 5.)   The Commissioner argues that a finding of medical improvement is proper because plaintiff was initially found disabled because she met Listing 12.06, and the ALJ found that plaintiff no longer met Listing 12.06 as of May 1, 2005.   The Commissioner relies on 20 C.F.R. § 404.1594(c)(3)(i), which in relevant part provides:

> Previous impairment met or equaled listings.   If our most recent favorable decision was based on the fact that your impairment(s) at the time met or equaled the severity contemplated by the Listing of Impairments in appendix 1 of this subpart, an assessment of your residual functional capacity would not have been made.   If medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals the same listing section used to make our most recent favorable decision, we will find that the medical improvement was related to your ability to work. . . .   If there has been medical improvement to the degree that the requirement of the listing section is no longer met or equaled, then the medical improvement is related to your ability to work. . . .

The Commissioner's argument premised on 20 C.F.R. § 404.1594(c)(3)(i) is unpersuasive.   The plain language of 20 C.F.R. § 404.1594(c)(3)(i) indicates that it addresses the question of whether medical improvement relates to the ability to do work, and presupposes a proper finding of medical improvement.   Accord Veino v. Barnhart, 312 F.3d 578, 587 (2d Cir. 2002) (rejecting the Commissioner's argument that, based on 20 C.F.R. § 404.1594(c)(3)(i), "medical improvement" is proven if a claimant previously met a listing and presently does not). It provides that "*[i]f medical improvement has occurred and* the severity of the prior impairment(s) no longer meets or equals the same listing section used to make our most recent favorable decision, we will find that the medical improvement *was related to your ability to work*." 20 C.F.R. § 404.1594(c)(3)(i) (emphases added).   Thus, the regulation does not direct a finding of "medical improvement" where the claimant no longer meets a listing.   The inquiries into whether medical improvement occurred and whether medical improvement relates to the claimant's ability to do work are analytically separate; indeed, in the eight-step analytical framework, the ALJ only evaluates whether medical improvement relates to the claimant's ability

1   to do work at step four of the analysis if he or she found medical improvement at step three of the

2   analysis based on a comparison of the prior and current severity of the impairments at issue.

3   Accordingly, the undersigned concludes that 20 C.F.R. § 404.1594(c)(3)(i) does not relieve the

4   Commissioner or an ALJ from the requirement to conduct the comparison of medical severity

5   and medical evidence otherwise called for in the regulations.

6           Third, the Commissioner argues that the Administrative Transcript contains

7   medical records related to the August 2, 2001 comparison point decision.  (Def.'s Memo. of P. &

8   A. at 5 (citing AT 181-93).)  He also contends, with no explanation or support, that a document

9   consisting of a review conducted by a state agency physician "was evidence considered in

10   confirming Plaintiff's disability in the Commissioner's 2001 decision."  (Id.)  The Commissioner

11   is correct that the record contains some records from the period of 2000-2001.  (See AT 159-94.)

12   However, the record does not clearly show which of these records, which vary in terms of their

13   discussion of plaintiff's mental impairments, served as the basis for the comparison point

14   decision.  For example, although the Commissioner now contends that the state agency report

15   served as the basis for the comparison point decision, the Commissioner's notice of cessation of

16   benefits states that other records served as the basis of the comparison point decision.  (See AT

17   57.)  Moreover, the presence of medical records from the relevant time period does not cure or

18   render harmless the ALJ's error in regards to the manner in which he found medical

19   improvement and explained, or failed to explain, that finding.

20           Based on the foregoing, the undersigned grants plaintiff's motion for summary

21   judgment in part, and remands this matter for further consideration consistent with this order.

22   Accordingly, the undersigned does not reach plaintiff's additional arguments, some of which are

23   directly related to the propriety of the finding of medical improvement.

24   IV.    CONCLUSION

25           For the foregoing reasons, IT IS HEREBY ORDERED that:

26           1.    Plaintiff's motion for summary judgment (Dkt. No. 17) is granted in part,

1  and this matter is remanded for further proceedings pursuant to sentence four of 42 U.S.C.

2  § 405(g).

3          2.      The Commissioner's cross-motion for summary judgment (Dkt. No. 20) is

4  denied.

5          3.      The Clerk of Court is directed to enter judgment in favor of plaintiff.

6          IT IS SO ORDERED.

7  DATED:  March 16, 2012

8

9                                          _____
                                           KENDALL J. NEWMAN
10                                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                          12